# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**KARISHA ELLISON RICHARDSON ET AL**              **CASE NO.  2:18-CV-00660**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**COTTINGHAM & BUTLER CLAIMS SERVICES INC ET AL**              **MAGISTRATE JUDGE KAY**

## ORDER

Before the Court is "Plaintiff's Motion for Judgment Notwithstanding the Verdict on the Issue of Damages, or in the Alternative, Motion for New Trial on the Issue of Damages" (Rec. 50) on the grounds that the damages awarded by the jury were inadequate and contrary to the law and evidence.  Specifically, Plaintiff complains that the jury's award of $10,000 for general damages and $6,755 for past medical expenses was unreasonably low and contrary to the law and evidence. Plaintiff asks the Court to grant judgment as a matter of law on the issue of damages, or in the alternative, a new trial on the issue of damages.

*Judgment Notwithstanding the Verdict*

Defendants respond that the evidence at trial established that when Defendant Pedro Padilla backed into the front end of Plaintiff's vehicle, neither Plaintiff nor any witness at the trial could testify that Plaintiff's body struck any portion of the gas pump or her vehicle during the collision. Defendants point out that at the scene of the accident, Plaintiff denied

pain and injuries. Defendants note that Plaintiff's cervical MRI revealed no objective signs of injury.

> When applying Louisiana law, we "consider the record as a whole in the light most favorable to the defendant in order to determine which injuries a rational fact finder must have concluded were causally related to the accident." *Revel v. Snow,* 664 So.2d 655, 659 (La.App. 3 Cir. 1995). "Despite permitting a trial court to review the jury's credibility determinations, Louisiana gives the jury high deference." [*Fair v. Allen,* 669 F.3d 601] 605 (5th Cir. 2012).   The Louisiana Supreme Court has held that "[t]he assessment of 'quantum,' or the appropriate amount of damages, by a jury is a determination of fact that is entitled to great deference on review."  *Trunk v. Med. Ctr. of Louisiana at New Orleans,* 885 So.2d 534, 539 (La. 2004). A JNOV motion "should be granted only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover."  *Joseph v. Broussard Rice Mill, Inc.,* 772 So.2d 94, 99 (La. 2000).

*Brown v. Wal-Mart Louisiana, L.L.C.,* 565 Fed. Appx. 293, 295 (W.D. La. 7/27/12). "If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it is error to grant the motion and the jury verdict must stand."  *Dore Energy Corp. v. Carter-Langham, Inc.,* 997 So.2d 826 (La. App. 3rd Cir. 2008). The Court finds no good reason to usurp the province of the jury and grant Plaintiff's motion for a judgment notwithstanding the verdict.

*Motion for New Trial*

"Trial courts have the power to grant a new trial when the verdict is "against the weight of the evidence." *Roman v. Western Mfg.*  691 F.3d 686, 701 (5th Cir. 8/17/12). In this case, the jury was presented the Plaintiff's testimony and the truck driver's video deposition.  The jury was also shown pictures taken shortly after the accident.  Undisputed testimony at the trial revealed that Plaintiff was not in the car when Padillo's truck hit

Plaintiff's vehicle. There was also testimony at the trial that Plaintiff was not near her vehicle when Padillo's truck struck Plaintiff's vehicle.  There was no evidence at trial that Plaintiff fell to the ground or that any part of her body was struck. There was no evidence at trial that Plaintiff complained of any injury at the scene of the accident. "Unless an award is so 'inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate.'"  *Taylor v. Green,* 868 F.2d 162, 164 (5th Cir. 1989). The Court finds that the jury's verdict was reasonable and consistent with the weight of the evidence. Accordingly, the motion for a new trial on damages will be denied.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Judgment Notwithstanding the Verdict on the Issue of Damages, or in the Alternative, Motion for New Trial on the Issue of Damages is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 26th day of May, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**