**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**KARISHA ELLISON RICHARDSON**            **CASE NO.  2:18-CV-00660**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**COTTINGHAM & BUTLER CLAIMS**            **MAGISTRATE JUDGE KAY**
**SERVICES INC ET AL.**

## MEMORANDUM ORDER

Before the court is a "Motion for Review of the Clerk of Court's Taxation of Costs"

[doc. 61] filed by plaintiff after conclusion of the jury trial held in this matter on March 9

and 10, 2020. Defendants oppose the motion. Doc. 63.

## I.
### BACKGROUND

This suit arose from injuries sustained by the plaintiff in a motor vehicle accident,

after her car was hit while parked at a gas station by an 18-wheeler driven by defendant

Pedro Palacios Pedilla. At the conclusion of trial, the jury found that defendants'

negligence was the legal cause of plaintiff's injuries. Doc. 44. The jury awarded $6,755 for

past medical expenses, $10,000 for past and future physical pain and suffering, $0 for past

and future mental pain and suffering, and $0 for loss of enjoyment of life. *Id.*

Plaintiff then filed a bill of costs under Federal Rule of Civil Procedure 54(d),

seeking the following:

| Clerk of court costs | $566.80 |
| Service costs | $668.50 |
| Live witness fees | $11,050.00 |
| Deposition costs and witness fee | $6,176.60 |
| Medical records and bills | $266.50 |
| Copies and demonstrative aids | $358.49 |
| **Total** | **$19,080.94** |

Doc. 49. The deposition costs and witness fee included costs relating to the video deposition of plaintiff's psychiatrist, Dr. Patrick Hayes, with $1,081.00 allotted for the deposition and $3,750 for Dr. Hayes's fee. Doc. 49, att. 1. Dr. Hayes's video deposition was played in lieu of live testimony at trial. The live witness fees included $8,000 for the testimony of plaintiff's orthopedist Dr. Craig Morton and $3,050 for the testimony of plaintiff's physical therapist Blakelee Moore. *Id.*

The defendants opposed the bill, arguing *inter alia* that in the absence of statutory or contractual authorization the court can only award the fees enumerated under 28 U.S.C. § 1920 and that the requested expert fees fall outside of that category. Doc. 52. The clerk allowed taxation of the cost for Dr. Hayes's video deposition but disallowed the fees for Dr. Hayes, Dr. Morton, and Ms. Moore, save for a $40 witness fee per person as authorized under 28 U.S.C. § 1821. Doc. 60.

Plaintiff now moves for a review of the clerk's taxation, arguing that the expert fees may be taxed notwithstanding § 1920 and § 1821. Doc. 61. Plaintiff also argues that Dr. Hayes's fee for the deposition is taxable as a discovery expense under Rule 26. *Id.* Defendants again oppose, maintaining that the court's authority is constrained by statute and recent Supreme Court caselaw.

-2-

## II.
### LAW & APPLICATION

Federal Rule of Civil Procedure 54 provides that, after entry of judgment, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ P. 54(d). The prevailing party under Rule 54 is generally the party in whose favor judgment is entered. *Allianz Versicherungs AG v. Profreight Brokers, Inc.*, 99 F. App'x 10, 13 (5th Cir. 2004). Accordingly, a party need not prevail on all issues to justify an award of full costs. *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978). The district court, however, has wide discretion in setting the award so long as it provides a "good reason" for any reduction. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

"Ordinarily, recovery of expert fees is limited to the statutory amounts authorized under 28 U.S.C. § 1821," which sets general mileage and per diem rates, "and 28 U.S.C. § 1920," which enumerates the costs that may be taxed. *Sigur v. Emerson Process Mgmt.*, 2008 WL 482704, at *1 (M.D. La. Feb. 19, 2008) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 322 (5th Cir. 1995). As plaintiff notes, the Third and Eighth Circuits and a handful of district courts – including at least one district court in this circuit – have allowed expert fees to be taxed, notwithstanding these limits, if the court finds that the testimony and expenditures were necessary to the litigation. *E.g.*, *Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201 (3d Cir. 1981); *Hiegel v. Hill*, 771 F.3d 358, 360 (8th Cir. 1985); *Leatherwood v. Houston Post Co.*, 1996 WL 61492 (S.D. Tex. Jan. 26, 1996). In 1987, however, the Supreme Court affirmed the Fifth Circuit's decision to deny expert fees in excess of 28 U.S.C. § 1821. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

437, 438–39 (1987). There the petitioners had argued that Rule 54(d) provided a separate power to tax expenses, regardless of statutory authorization, but the Supreme Court held that the petitioner's view would render the statute "superfluous" and that a court awarding fees under Rule 54(d) was bound by §§ 1920 and 1821 absent other statutory or contractual authorization. *Id.* at 441–42. The Court reaffirmed this view in 1991 and 2006, and on the strength of these cases the Sixth Circuit likewise recently denied taxation of expert fees in excess of § 1821's per diem and mileage limits. *See L & W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007); *see also W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83 (1991) & *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006).

This court is persuaded by the Sixth Circuit's decision and bound by the Supreme Court's precedent in this matter. The court may only award the costs enumerated under § 1920, subject to the additional limits set under § 1821. The deposition cost of § 1,081.00 for Dr. Hayes is taxable but his fee is not under § 1920, whether plaintiff styles him as an expert or treating physician.

As for plaintiff's remaining arguments, Rule 26 provides that the party seeking discovery may be taxed "a reasonable fee" in exchange for the expert's time spent responding to discovery outlined under that section. Fed. R. Civ. P. 26(b)(4)(E). This provision extends to a treating physician. *Borel v. Chevron USA Inc.*, 265 F.R.D. 275, 277–78 (E.D. La. 2010). Some courts have read the provision to cover the expert's time spent preparing for a deposition, while others hold that the time can only be taxed to the other side in unusually complex cases. *See id.* at 277–78 (collecting cases). The plaintiff, however, has repeatedly indicated that Dr. Hayes's deposition was taken for the purpose

of using it in lieu of live testimony at trial. The cases cited by plaintiff under Rule 26 deal with depositions noticed by the opposing party. As the Western District of Texas recently emphasized, the provision "is not an avenue to getting the other side to pay for the costs of your litigation" and "does not cover costs entirely unrelated to discovery, such as trial testimony." *Nester v. Textron, Inc.*, 2016 WL 6537991, at *3 (W.D. Tex. Nov. 3, 2016). The court finds plaintiff's argument to suggest an impermissible expansion of the rule, which taxes cost to the party **seeking** discovery, and will not allow plaintiff to recover Dr. Hayes's fee under this section either.

### III.
### CONCLUSION

For the reasons stated above, the Motion for Review [doc. 61] is **DENIED** and the costs taxed by the clerk of court stand as the appropriate award under Rule 54(d).

**THUS DONE AND SIGNED** in Chambers on this 14th day of October, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**